IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

**COREY JACOBS, JR.,**

PETITIONER,

v.

CRIMINAL ACTION NO.: **2:93cr117**
CIVIL ACTION NO.: **2:04cv717**

**UNITED STATES OF AMERICA,**

DEFENDANT.

## ORDER AND OPINION

This matter is before the Court on the Motion of Corey Jacobs ("Petitioner") to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, in which he raises seven (7) grounds for attacking his conviction and sentence. For the reasons set forth herein, Grounds IV, V, and VII, are DENIED and DISMISSED, and the Government is ORDERED to respond to Grounds I, II, III, and VI, which remain pending before the Court.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On February 7, 2000, Petitioner was convicted by a jury of Conspiracy to Possess With Intent to Distribute and Distribute Cocaine and Cocaine Base, in violation of 21 U.S.C. § 846, as well as eighteen (18) counts of Selling or Distributing Cocaine Base and two (2) counts of Interstate Travel in Aid of Drug Trafficking, in violation of 21 U.S.C. §§ 2 and 841. (Doc. 236.) On May 23, 2000, Defendant was sentenced to sixteen life sentences, two twenty-year sentences, a forty-year sentence, and two five-year sentences, to run concurrently. (Doc. 238.) On May 16, 2001, Petitioner, via counsel, filed a motion to Vacate, Set Aside, or Correct Sentence, pursuant

to 28 U.S.C. § 2255, alleging, inter alia, that his counsel failed to file a notice of appeal after

being instructed to do so.  (Doc. 255.)   On January 30, 2003, the Court found by a

preponderance of the evidence that his counsel had failed to note an appeal.  (Doc. 268.)

Accordingly, the Court vacated Petitioner's sentence, entered a new judgment from which an

appeal could be taken, and sentenced Petitioner to the identical sentence as the one previously

announced by the Court.  Id.  On February 19, 2003, Petitioner filed a timely notice of appeal,

and the United States Court of Appeals for the Fourth Circuit affirmed Petitioner's conviction

and sentence on November 18, 2003.

On November 26, 2004, via counsel, Petitioner filed the instant Motion to Vacate, Set

Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 [hereinafter "2255 Motion"].  (Doc.

283.)  Also on that date, Petitioner filed a Memorandum in Support of the Motion [hereinafter

"Pet.'s Mem."], via counsel, and a Motion to Supplement the Memorandum, pro se [hereinafter

"Pet.'s Supp. Mem."].  (Docs. 280, 285, 287.)

In Petitioner's § 2255 Motion, Petitioner alleges that his conviction and sentence were

obtained in violation of the Due Process Clause of the Fifth Amendment because his indictment

contained duplicative charges and unrelated bad acts (Ground I).  2255 Motion at 3; Pet.'s Mem.

at 5-20.  Petitioner further alleges that his conviction and sentence were tainted because a co-

conspirator's hearsay testimony was impermissibly admitted at trial in violation of the Sixth

Amendment right to confront witnesses (Ground II), and because the government violated 18

U.S.C. § 201(c)(2) to entice witnesses (Ground III).  2255 Motion at 3; Pet.'s Mem. at 20-28; see

generally Pet.'s Supp. Mem.  Petitioner makes two facial challenges to his sentence, alleging that

his sentence was unlawful because the United States Sentencing Guidelines are unconstitutional

(Ground IV) and because his sentence was imposed in violation of Blakely v. Washington, 542

U.S. 296 (2004) (Ground V).  2255 Motion at 3; Pet.'s Mem. at 28-30, 33-39.  Finally, Petitioner

alleges that his conviction and sentence were tainted as he was deprived of his Sixth Amendment

right to the effective assistance of counsel because counsel failed to properly object to the Fifth

Amendment violations (Ground VI), and allowed Petitioner to be sentenced according to

uncharged amounts and types of drugs (Ground VII).  2255 Motion at 3; Pet.'s Mem. at 30-32.

## II. STANDARD OF REVIEW

Section 2255 is designed to correct fundamental constitutional or jurisdictional errors,

which would otherwise "inherently result[] in a complete miscarriage of justice."  United States

v. Addonizio, 422 U.S. 178, 185 (1979).  In order to move the Court to vacate, set aside or

correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1)

that his sentence was "imposed in violation of the Constitution or laws of the United States"; (2)

that "the court was without jurisdiction to impose such a sentence"; or (3) that "the sentence was

in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28

U.S.C. § 2255, ¶ 1.  In this case, Petitioner predicates his claim on the first ground, claiming that

his sentence was imposed in violation of the Constitution or laws of the United States.

Petitioner bears the burden of proving grounds for collateral attack by a preponderance of

the evidence.  Hall v. United States, 30 F. Supp. 2d 883, 889 (E.D. Va. 1998); Jacobs v. United

States, 350 F.2d 571, 574 (4th  Cir. 1965).  The Court may decide a § 2255 Motion without an

evidentiary hearing if "the motion and the files and records of the case conclusively show that the

prisoner is entitled to no relief."  28 U.S.C. § 2255; see United States v. Yearwood, 863 F.2d 6, 7

(4th Cir. 1988); Zhan Gao v. United States, 375 F. Supp. 2d 456, 459 n.1 (E.D. Va. 2005).

## III. DISCUSSION

The Court begins by discussing Petitioner's claims raised in Grounds IV, V, and VII,

relating to the constitutionality of his sentence as imposed under the United States Sentencing

Guidelines and in light of Blakely v. Washington.

**A. Facial Challenges to Petitioner's Sentence**

In Ground IV, Petitioner claims that the United States Sentencing Guidelines constitute a

violation of the separation of powers, thereby tainting the constitutionality of his sentence.  Pet.'s

Mem. at 28-30.  In Mistretta v. United States, 488 U.S. 361, 412 (1989), the United States

Supreme Court upheld the constitutionality of the Sentencing Guidelines against challenges that

the Guidelines impermissibly delegated legislative power and upset the constitutionally mandated

balance of powers among the coordinate branches of government.  Since Mistretta, the Supreme

Court has had occasion to consider the constitutionality of certain aspects of the Guidelines, and

has consistently affirmed Mistretta's holding that the Guidelines do not constitute a separation of

powers violation.  See, e.g., United States v. Booker, 543 U.S. 220, 242 (2005) ("Our holding

today does not call into question any aspect of our decision in Mistretta."); Blakely v.

Washington, 542 U.S. 296 (2004).  Thus, Petitioner's claim that the Guidelines are

unconstitutional based upon a separation of powers violation is without merit.  Accordingly,

Ground IV is hereby DENIED

   In Ground V, Petitioner claims that his sentence was imposed in violation of Blakely v.

Washington, 542 U.S. 296.  Challenges based on Blakely have not been made retroactive to cases

on collateral review for federal prisoners whose convictions became final prior to Blakely.  See

United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005).  Accordingly, Ground V is not

cognizable in this action, and is hereby DENIED.

   **B. Ineffective Assistance of Counsel**

   Petitioner claims that his counsel was constitutionally ineffective for failing to argue that

Petitioner was sentenced "according to uncharged amounts and types of drugs" and that "[a]s a

result of this failing, the Government was able to seek, and Petitioner received, a sentence which

far exceeded the statutory maximum of the offense for which he was convicted."  Pet.'s Mem. at

32.  Petitioner's argument is predicated upon an alleged violation of Blakely v. Washington, 542

U.S. 296.

In order to prove that defense counsel was so deficient as to warrant reversal of a conviction, a petitioner must satisfy the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984).  First, Petitioner must show that counsel's performance was objectively deficient.  Id.  To do this, Petitioner must produce evidence that "counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed . . . by the Sixth Amendment."  Id.  As part of the inquiry, the Court must determine whether counsel's acts or omissions were "outside the wide range of professionally competent assistance."  Id. at 690.

Second, Petitioner must show that counsel's defective representation prejudiced the Petitioner.  Id. at 687.  In order for Petitioner to establish prejudice under the second prong, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id. at 694.  Petitioner must prove both prongs of the Strickland test; however, the Court need not examine both elements of the inquiry if the Petitioner fails to make a proper showing as to one.  Id. at 697.

Petitioner was sentenced prior to the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296.  In Blakely, the Supreme Court considered whether the application of an enhancement pursuant to the State of Washington's sentencing guidelines violated the Sixth Amendment.  Id.  Applying the rule announced in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) ("other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt"), the Supreme Court in Blakely held that the imposition of the sentencing enhancement violated the Sixth Amendment because it was based solely upon the sentencing court's factual findings, rather than facts admitted by the defendant or found by a jury.  See Blakely v. Washington, 542 U.S. 296.  While this holding rendered the State of Washington's determinant sentencing system unconstitutional, the Blakely Court specifically stated that "the

Federal Guidelines are not before us, and we express no opinion on them." 542 U.S. at 304 n.9.

Despite this limitation on the Supreme Court's decision in Blakely, Petitioner contends that

counsel's representation fell below the minimally expected level of expertise at sentencing in

failing to challenge Petitioner's sentence based upon the holdings of Blakely and Apprendi.

Pet.'s Mem. at 32.

As previously noted, at the time of Petitioner's sentencing, the federal Sentencing

Guidelines system was constitutional, the rule in Apprendi had not been extended to any

sentencing guideline system, and Blakely had not been decided. After Blakely was decided,

commentators began to predict that Blakely would affect the status of the federal Sentencing

Guidelines. Adkins v. United States, 2005 U.S. Dist. LEXIS 41337, *5-6 (E.D. Va. 2005)

(unpublished). However, the ultimate application of Apprendi and Blakely to the federal

Sentencing Guidelines in Booker was not foreseen by the courts of appeals before Blakely. See,

e.g., United States v. Sanders, 247 F.3d 139, 150 (4th Cir. 2001) (the Sentencing Guidelines

allowed district courts to enhance a defendant's sentence on the basis of judicially determined

facts as long as the sentence is within the statutory maximum). Thus, failing to raise a challenge

predicated upon an unanticipated application of Apprendi to the federal Sentencing Guidelines

could not fall below an objective standard of reasonableness. See Kornahrens v. Evatt, 66 F.3d

1350, 1260 (4th Cir. 1995) (observing that an attorney's assistance is not rendered ineffective

because he failed to anticipate a new rule of law); see also United States v. Thomas, 2005 WL

1252262 (E.D. Va. May 26, 2005) (unpublished). For this reason, Ground VII fails the first

prong of the Strickland test for ineffective counsel and is hereby DENIED.

## IV. REMAINING GROUNDS

Grounds I, II, III, and VI remain before the Court and the facts alleged therein challenge

actions taken by the Government in its prosecution of this case. Upon review of Petitioner's

allegations in these remaining Grounds, the Court is of the opinion that summary dismissal of

this action without response from the United States Attorney is not appropriate under Rule 4(b)

of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of

Title 28.  Accordingly, the United States Attorney is **ORDERED** to file an answer to Petitioner's

original and supplemental § 2255 Motions within sixty (60) days from the date of this Order.

Petitioner may, if he desires, file with this Court a reply to the response filed by the

United States within twenty (20) days of receipt of that document.  Upon the filing of the

Petitioner's reply, or the expiration of the time allowed for the filing of such reply, this Court will

enter such further order as may be appropriate.

Petitioner is hereby **ORDERED** to send a copy of all future correspondence and pleadings

sent to this Court to counsel of record for the United States, that is, United States Attorney,

Eastern District of Virginia, World Trade Center, Suite 8000, 101 West Main Street, Norfolk,

Virginia 23510, and to certify to the Court that the copies have been sent. See Fed. R. Civ. P. 5.

## V. CONCLUSION

For the reasons stated herein, Grounds IV, V, and VII, of Petitioner's 2255 Motion are

**DENIED** and **DISMISSED**, and the Government is **ORDERED** to respond to Grounds I, II, III,

and VI.

The Clerk is **REQUESTED** to mail a copy of this Order to Petitioner and to all counsel of

record.

It is so **ORDERED**.

/s/
HENRY COKE MORGAN, JR.
*UNITED STATES SENIOR DISTRICT JUDGE*

Norfolk, Virginia
July 20, 2006