**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

**COREY JACOBS, JR.,**

                     **Petitioner,**

      v.

                                              **Criminal Action No.: 2:93cr117
                                              Civil Action No.: 2:04cv717**

**UNITED STATES OF AMERICA,**

                     **Defendant.**

**OPINION & ORDER**

This matter is before the Court on the Motion of Corey Jacobs, Jr. ("Petitioner") to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, in which he raised seven (7) grounds for attacking his conviction and sentence. This Court previously denied and dismissed grounds V, VI, and VII, and withheld decision on grounds I, II, III, and VI until the Government had an opportunity to respond. Doc. 290. For the reasons set forth herein, the remaining grounds are **DENIED** and **DISMISSED**.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**[1]

On February 7, 2000, Petitioner was convicted by a jury of conspiracy to possess with intent to distribute and distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846, as well as eighteen (18) counts of selling or distributing cocaine base, and two (2) counts of

---

[1] This procedural history does not reflect the complete procedural history as to Defendant, but only those proceedings relevant to the present motion.

interstate travel in aid of drug trafficking, in violation of 21 U.S.C. §§ 2 and 841.  Doc. 236.  On May 23, 2000, Defendant was sentenced to sixteen (16) life sentences, two (2) twenty-year sentences, a forty-year sentence, and two (2) five-year sentences, to run concurrently.  Doc. 238. On May 16, 2001, Petitioner, via counsel, filed a motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255, alleging, inter alia, that his counsel failed to file a notice of appeal after being instructed to do so.  Doc. 255.   On January 30, 2003, the Court found by a preponderance of the evidence that his counsel had failed to note an appeal.  Doc. 268. Accordingly, the Court vacated Petitioner's sentence, entered a new judgment from which an appeal could be taken, and sentenced Petitioner to the identical sentence as the one previously announced by the Court.  Id.  On February 19, 2003, Petitioner filed a timely notice of appeal, and the United States Court of Appeals for the Fourth Circuit affirmed Petitioner's conviction and sentence on November 18, 2003.  Docs. 269, 272.

On November 26, 2004, via counsel, Petitioner filed the instant Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255.[2]  Doc. 284.  Also on that date, Petitioner filed a Memorandum in Support of the Motion (the Motion and Memorandum shall be collectively referred to as the "Motion"), via counsel, and a Motion to Supplement the Memorandum, filed pro se ("Supplemental Motion").[3]  Docs. 285, 287.

In Petitioner's § 2255 Motion, Petitioner alleged that his conviction and sentence were

---

[2]A second, substantive § 2255 motion is not precluded by prior § 2255 motion seeking reentry of judgment to permit direct appeal.  See United States v. Goddard, 170 F.3d 435, 438 (4th Cir.1999).

[3]Petitioner's Motion to Supplement with Pro Se Memorandum of Law (Doc. 287) is **DENIED** in light of his substantial opportunity to make his arguments through his attorney.

obtained in violation of the Due Process Clause of the Fifth Amendment because his indictment contained duplicative charges and unrelated bad acts (Ground I).  Doc. 284 at 3; Doc. 285 at 5-20.  Petitioner further alleges that his conviction and sentence were tainted because a co-conspirator's hearsay testimony was impermissibly admitted at trial in violation of the Sixth Amendment right to confront witnesses (Ground II), and because the government violated 18 U.S.C. § 201(c)(2) to entice witnesses (Ground III).  Doc. 284 at 3; Doc. 285 at 20-28; see generally Doc. 287.  Petitioner makes two facial challenges to his sentence, alleging that his sentence was unlawful because the United States Sentencing Guidelines are unconstitutional (Ground IV) and because his sentence was imposed in violation of Blakely v. Washington, 542 U.S. 296 (2004) (Ground V).  Doc. 284 at 3; Doc. 285 at 28-30, 33-39.  Finally, Petitioner alleges that his conviction and sentence were tainted as he was deprived of his Sixth Amendment right to the effective assistance of counsel because counsel failed to properly object to the Fifth Amendment violations (Ground VI), and allowed Petitioner to be sentenced according to uncharged amounts and types of drugs (Ground VII).  Doc. 284 at 3; Doc. 285 at 30-32.

On July 20, 2006, the Court issued an Opinion and Order in which it Denied and Dismissed Grounds IV, V, and VII, and Ordered the Government to respond to the other four claims.  Doc. 290.  The Government filed its Reply on August 1, 2006.  Doc. 291.  The Petitioner's Rebuttal was filed on August 25, 2006.  Doc. 292.

## II. STANDARD OF REVIEW

Section 2255 is designed to correct fundamental constitutional or jurisdictional errors, which would otherwise "inherently result[] in a complete miscarriage of justice."  United States v. Addonizio, 422 U.S. 178, 185 (1979).  In order to move the court to vacate, set aside or correct

a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) that his sentence was imposed in violation of the Constitution or laws of the United States; (2) that the Court was without jurisdiction to impose such a sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255 ¶ 1.

A motion pursuant to 28 U.S.C. § 2255 "may not do service for an appeal"; therefore, § 2255 claims that should have been raised at trial, and claims that could have been raised on direct appeal but were not, are procedurally defaulted unless one of three exceptions applies. United States v. Frady, 456 U.S. 152, 165, 167-68 (1982); Wainwright v. Sykes, 422 U.S. 72, 97 (1977). The first exception is when a petitioner demonstrates "cause" for his procedural default and "actual prejudice" therefrom. Id. The second is when a petitioner can demonstrate his actual innocence in either a capital case, or a case in which a recidivist sentencing enhancement was applied to the petitioner. United States v. Mikalajunas, 186 F.3d 490, 494-95 (4th Cir. 1999). The third exception is when a petitioner brings a claim of constitutionally ineffective assistance of counsel under the standard set forth in Strickland v. Washington. Strickland v. Washington, 466 U.S. 668, 687-91 (1984); United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991).

Because a habeas petition is a civil action, the burden of proof is upon the petitioner to establish the allegations of his motion by a preponderance of the evidence. Jacobs v. United States, 350 F.2d 571, 574 (4th Cir. 1965); Hall v. United States, 30 F. Supp. 2d 883, 889 (E.D. Va. 1998). The court is not required to hold an evidentiary hearing on a § 2255 petition if the record of the case conclusively shows that petitioner is not entitled to relief. United States v. Yearwood, 863 F.2d 6, 7 (4th Cir. 1988); United States v. Rowland, 848 F. Supp. 639 (E.D. Va.

1994).

### III. ANALYSIS

The following are the arguments remaining to be decided by the Court: that Petitioner's conviction and sentence were obtained in violation of the Due Process Clause of the Fifth Amendment because his indictment contained (1) duplicative charges and (2) unrelated bad acts; (3) that a co-conspirator's hearsay testimony was impermissibly admitted at trial in violation of the Sixth Amendment right to confront witnesses; (4) that the government violated 18 U.S.C. § 201(c)(2) to entice witnesses; and, (5) that Petitioner's conviction and sentence were tainted as he was deprived of his Sixth Amendment right to the effective assistance of counsel because counsel failed to properly object to the Fifth Amendment violations.  Doc. 285.

### A. Admission of Unrelated Bad Acts in Violation of the Fifth Amendment and Unlawful Enticement of a Witness

Petitioner makes two claims previously addressed by the United States Court of Appeals for the Fourth Circuit.  See United States v. Jacobs, No. 03-4216 (4th Cir. November 18, 2003). The Petitioner concedes that the issue of prior bad acts and leniency toward witnesses was resolved on appeal, making them moot for purposes of the instant Motion.  Doc. 292 at 5; see United States v. Frady, 456 U.S. 152, 165, 167-68 (1982); Wainwright v. Sykes, 422 U.S. 72, 97 (1977).  These two claims are therefore **DENIED** as **MOOT**.

### B. Admission of Duplicative Charges in Violation of the Fifth Amendment

Petitioner claims that his conviction violates the Constitutions' prohibition against double jeopardy, because "the elements of cocaine distribution and possession with intent to distribute cocaine are necessarily duplicitous when one is charged and convicted of being involved in a

cocaine distribution conspiracy." Doc. 292 at 3. Petitioner's argument, however, is without merit.

"An indictment meets the guarantees of the Fifth and Sixth Amendments, if it . . . contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend. . . ." United States v. Wicks, 187 F.3d 426, 427 (4th Cir. 1999) (citing Hamlin v. United States, 418 U.S. 87, 117 (1974). Ordinarily, an indictment that tracks the statutory language is sufficient. United States v. Amend, 791 F.2d 1120, 1125 (4th Cir. 1986). The indictment at the criminal trial met this requirement, enumerating the elements of each offense charged against him in a manner that tracked the applicable statutory language.

Further, the offenses that Petitioner claims are duplicitous each require "proof of a fact that the other does not," thus meeting the Blockburger Test even where there may be "a substantial overlap of proof offered to establish the crimes." Iannelli v. United States, 420 U.S. 770, 785 (1975); see Blockburger v. United States, 284 U.S. 299, 304 (1932) (the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not"). Conspiracy, distribution, and possession with intent to distribute are each discreet crimes and there is no constitutional violation in being found guilty of each one simultaneously. United States v. Burgos, 94 F.3d 849, 857 (4th Cir. 1996) (listing the elements of conspiracy to distribute and possess with intent to distribute); United States v. Randall, 171 F.3d 195, 209 (4th Cir. 1999) (listing the elements for distribution and possession with intent to distribute).

Because the Petitioner was appropriately charged, was aware of the elements he would have to defend against and the government would have to prove, and because the offenses with

which Petitioner was charged are not duplicitous, the Petitioner's claim is **DENIED.**

### C. Admission of Co-Conspirator's Testimony in Violation of the Sixth Amendment

Petitioner alleges that co-conspirator hearsay testimony was admitted against him in violation of his constitutional rights under the Sixth Amendment. Doc. 285 at 22. Petitioner, however, does not cite examples in support of this argument, beyond the mere listing of the names of these individuals; instead, he embarks on a legal discussion of the admissibility of co-conspirator testimony in special circumstances.[4] See id. (discussing Crawford v. Washington, 541 U.S. 36 (2004), and Bruton v. United States, 391 U.S. 123 (1968)). Co-conspirator testimony is admissible pursuant to Rule 801(d)(2)(E) of the Federal Rules of Evidence. FED. R. EVID. 801(d)(2)(E) ("A statement is not hearsay if . . . [t]he statement is offered against a party and is . . . a statement by a coconspirator of a party during the course and in furtherance of the conspiracy."). Further, the admission of such testimony, whatever its nature, is ripe for objection at trial and resolution upon appeal; however, no such argument was raised before the Fourth Circuit. See generally Jacobs, No. 03-4216 (4th Cir. November 18, 2003).

In the absence of any facts anchoring Petitioner's argument in the cases upon which he relies, and in light of the preference for bringing such argument on appeal rather than pursuant to § 2255, the Court cannot find that a fundamental constitutional violation occurred here. Accordingly, this claim is **DENIED**.

---

[4]Petitioner contends that because the Defendant did not argue the matter of co-conspirator statements, absent citing their admissibility under Rule 801(d)(2)(E), there is no disputed fact or law for him to argue. The Court reminds Petitioner, however, that the burden is on him to establish his allegations by a preponderance of the evidence. See Jacobs v. United States, 350 F.2d 571, 574 (4th Cir. 1965); Hall v. United States, 30 F. Supp. 2d 883, 889 (E.D. Va. 1998).

## D. Ineffective Assistance of Counsel

### *1. Standard of Review*

Petitioner's remaining claim falls under the umbrella of ineffective assistance of counsel. The Sixth Amendment guarantees every criminal defendant the right to effective assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 691-92 (1984). In order to prove that defense counsel was so deficient so as to warrant reversal of a conviction, a petitioner must satisfy the test set forth in Strickland. See Strickland, 466 U.S. at 687; see also Fitzgerald v. Greene, 150 F.3d 357, 368 (4th Cir.), cert. denied, 525 U.S. 956 (1998). The petitioner has the burden of showing that his attorney's performance was objectively unreasonable (i.e., deficient), and that because of counsel's errors the petitioner was prejudiced. Id. at 687-88.

First, the petitioner must show that counsel's performance was deficient. Id. at 687. To do this, the petitioner must produce evidence that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. As part of the inquiry, the court must determine whether defense counsel's acts or omissions were "outside the wide range of professionally competent assistance." Id. at 690. The court must measure the competency of the petitioner's counsel against what "an objectively reasonable attorney would have done under the circumstances existing at the time of the representation." Savino v. Murray, 82 F. 3d 593, 599 (4th Cir.), cert. denied, 518 U.S. 1036 (1996). Moreover, there is a presumption that an attorney's performance is adequate. Strickland, 466 U.S. at 690. Finally, in evaluating counsel's performance, the court must show some deference to defense counsel's tactical and strategic decisions at trial. See Fitzgerald, 150 F.3d at 368-69.

Second, the petitioner must show that the defective representation "prejudiced the

[petitioner]." Strickland, 466 U.S. at 687.  In order for the petitioner to establish prejudice under the second prong, "the [petitioner] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id. at 694.  However, in order for the petitioner to satisfy the prejudice prong of the Strickland inquiry after pleading guilty, the petitioner "must show that there is a reasonable probability that, but for [C]ounsel's errors, he would not have plead[] guilty and would have insisted on going to trial." Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)).  Failure to meet either prong defeats a petitioner's ineffective assistance of counsel claim.  Strickland, 466 U.S. at 700.

### *2. Discussion*

Unlike several of Petitioner's previous claims, the Fourth Circuit expressly reserved decision on his claims of ineffective assistance of counsel for resolution pursuant to 28 U.S.C. § 2255.  See Jacobs, No. 03-4216, *5 (4th Cir. November 18, 2003).  In its previous opinion, this Court resolved the issue of counsel's failure to object when Petitioner was sentenced pursuant to uncharged amounts and types of drugs.  Doc. 290 at 5-6; see Doc. 285 at 32.  It remains to be determined whether counsel was ineffective for failing to object to the alleged deprivations under the Fifth Amendment; specifically, the admission of prior bad acts and duplicative charges.

Petitioner does not, however, submit any evidence or argument beyond his independent claims for duplicative charges and admission of prior bad acts.  Petitioner concedes that his claim for improper admission of prior bad acts is moot following the Fourth Circuit's decision.  Doc. 292 at 5.  Further, this Court has found Petitioner's argument that his charges were duplicitous to

be without merit.  See supra III(B).  In light of the fact that this Court has not found that Petitioner's Fifth Amendment rights were violated, it cannot subsequently be said that his counsel was deficient for failing to object to actions taken that were not inappropriate.  Because Petitioner offers makes no independent showing that his counsel was objectively deficient, or that Petitioner was prejudiced as a result of his attorney's acts or omissions, his claim for ineffective assistance of counsel is **DENIED**.

### IV. Conclusion

For the reasons set forth herein, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 is **DENIED** and **DISMISSED**.

Petitioner's Motion to Supplement with Pro Se Memorandum of Law is also **DENIED**.

The Petitioner is **ADVISED** that he may appeal this final order by forwarding a written Notice of Appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510.  Said written notice must be received by the Clerk within sixty (60) days from the date of this order.

The Clerk is **REQUESTED** to send a copy of this Opinion & Order to Petitioner and all counsel of record.

It is so **ORDERED**. _____

                    /s/
         HENRY COKE MORGAN, JR.
    SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
December 14, 2006